UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GREGORY MITCHELL AND SHONTELLE GRIFFIN MITCHELL, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD REAL PARTY IN INTEREST JM | CIVIL ACTION NO. 16-722-SDD-EWD |
| VERSUS | |
| SID J. GAUTREAUX, III INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SHERIFF OF EAST BATON ROUGE PARISH, ET AL. | |

## RULING AND ORDER

Before the Court is a Motion to Stay Discovery (the "Motion"), filed by defendant, Sid J. Gautreaux, III ("Sheriff Gautreaux").[1] The Motion is opposed.[2] For the reasons that follow, the Motion is **GRANTED**.[3] Discovery in this matter is stayed pending resolution of Sheriff Gautreaux's pending Motion to Dismiss.[4]

## Factual Background

Plaintiffs claim their minor child, JM, was participating in "Battle of the Bands" on Southern University's campus when, after the event, defendant Chadrick Bell, a sheriff's deputy, began pepper spraying students and parents without provocation.[5] The Complaint further alleges failure to adequately supervise and train, as well as *respondeat superior* liability, with regard to Sheriff Gautreaux.[6] The Complaint alleges defendants' actions constitute a violation of their

---

[1] R. Doc. 17.
[2] R. Doc. 23.
[3] As this motion is not one of the motions excepted in 28 USC § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof. *See, Boyd v. Occidental Fire & Casualty Co. of North Carolina*, 2011 WL 4062383, at n. 1 (M.D. La. 9/13/11).
[4] R. Doc. 3.
[5] R. Doc. 11, ¶¶ 6 & 7.
[6] *Id.*, ¶ 8

constitutional rights pursuant to 42 U.S.C. § 1983.[7] Sheriff Gautreaux has a pending Motion to Dismiss which, *inter alia*, raises the defense of qualified immunity with regard to the individual capacity claims asserted against him.[8] Because Sheriff Gautreaux has asserted the defense of qualified immunity in the Motion to Dismiss, he argues that all discovery in this case should be stayed until resolution of that motion. In opposition to this Motion, Plaintiffs do not address the cases relied on by Sheriff Gautreaux to establish that a stay of discovery in this matter is appropriate, instead, Plaintiffs state Sheriff Gautreaux has not made the requisite showing under Fed. R. Civ. P. 26(c). The Court disagrees.

## **Law and Analysis**

The Fifth Circuit has long held that an assertion of qualified immunity shields a government official from discovery that is "avoidable or overly broad." *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir.1987). As clarification, the *Lion Boulos* court explained that it is only when the district court "is unable to rule on the immunity defense without further clarification of the facts" and when the discovery order is "narrowly tailored to uncover only those facts needed to rule on the immunity claim," that an order allowing limited discovery is neither avoidable nor overly broad. *Lion Boulos*, 834 F.2d at 507-08. However, discovery on the issue of qualified immunity "must not proceed until the district court first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir.1995); *Brown v. Texas A & M Univ.*, 804 F.2d 327, 333 (5th Cir. 1986) ("[T]he issue of qualified immunity is a threshold question, and until this threshold immunity question is resolved, discovery should not be allowed."); *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) citing *Lion Boulos*, 834 F. 2d at 507-08 (emphasis in original) ("[A]

---
[7] *Id.*, ¶¶ 10 & 11.
[8] R. Doc. 3-1, p. 4.

plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. *After* the district court finds a plaintiff has so pled, if the court remains 'unable to rule on the immunity defense without further clarification of the facts' it may issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'")

Accordingly, Fifth Circuit precedent permits discovery only after a determination has been made that the plaintiff has alleged facts sufficient to state a claim against the defendant. Even discovery limited to the issue of qualified immunity is only allowed if the court is unable to rule on the qualified immunity defense without additional facts and then only such discovery as is necessary to rule on the qualified immunity defense is permitted.

The question of the qualified immunity defense is before the District Judge on Sheriff Gautreaux's Motion to Dismiss. Permitting resolution of the Motion to Dismiss will enable the parties and the Court to better assess whether the District Judge requires additional information to resolve the issue of qualified immunity such that limited discovery on that issue is necessary, as well as the scope of relevant discovery as to any remaining claims. Until the Motion to Dismiss is decided, discovery in this matter should be stayed. Therefore,

**IT IS ORDERED** that Defendant's Motion to Stay Discovery[9] is **GRANTED**. Discovery in this matter is stayed pending resolution of Sheriff Gautreaux's Motion to Dismiss.[10]

Signed in Baton Rouge, Louisiana, on April 21, 2017.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[9] R. Doc. 17.
[10] R. Doc. 3.