**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| GREGORY MITCHELL AND<br>SHONTELLE GRIFFIN MITCHELL, INDIVIDUALLY<br>AND ON BEHALF OF THEIR MINOR CHILD<br>REAL PARTY IN INTEREST, JM | CIVIL ACTION |
| VERSUS | 16-722-SDD-EWD |
| SID J. GAUTREAUX, III, INDIVIDUALLY<br>AND IN HIS OFFICIAL CAPACITY AS<br>SHERIFF OF EAST BATON ROUGE PARISH | |

### RULING

This matter is before the Court on the *Motion to Dismiss*[1] by Defendant, Sheriff Sid Gautreaux, III, individually and in his official capacity as Sheriff of East Baton Rouge Parish ("Sheriff Gautreaux"). Plaintiffs, Gregory Mitchell and Shontelle Griffin Mitchell, individually and on behalf of their minor child real party in interest, JM, ("Plaintiffs"), have filed an *Opposition*[2] to this motion. Both Parties filed *Supplemental Memoranda*[3] in support of their positions, and Sheriff Gautreaux filed a *Reply*.[4] For the following reasons, the Court finds that Sheriff Gautreaux's motion should be granted in part and denied in part.

---

[1] Rec. Doc. No. 3.
[2] Rec. Doc. No. 15.
[3] Rec. Doc. Nos. 16 & 26.
[4] Rec. Doc. No. 31.
39154

## I. FACTUAL BACKGROUND[5]

Plaintiffs contend that their minor son, JM, was unlawfully subjected to assault, battery, and other civil rights violations in violation of state and federal law, on April 2, 2016, when JM was participating in an event called "Battle of the Bands." This event showcased the marching band talent of East Baton Rouge Parish. Following their performance, JM and his band members were boarding their bus when Plaintiffs claim that, suddenly and without warning, on-duty Sheriff's Deputy Chadrick Bell ("Bell") released his pepper spray on the band members. Plaintiffs claim they sustained serious injuries as a result of this incident. Plaintiffs further claim that, although they filed complaints with every law enforcement agency in the area, none would identify the offending officer. Plaintiffs filed this lawsuit alleging federal civil rights violations under 42 U.S.C. § 1983 and claims arising under state tort law. Specifically, Plaintiffs claim that Sheriff Gautreaux is liable in both his individual and official capacities for denying Plaintiffs' First Amendment right to peaceful assembly, right to petition the court for redress of grievances, and for acting with deliberate indifference in failing to train and supervise his deputies.

Sheriff Gautreaux acknowledges that several area law enforcement agencies worked off-duty security at the Battle of the Bands event at Southern University on April 2, 2016. Sheriff Gautreaux claims that, weeks after the event, his office was notified that an unknown officer used pepper spray after the event. Sheriff Gautreaux contends that an Internal Affairs investigation was conducted, JM was interviewed in the presence of

---

[5] The facts are drawn from the *Complaint* (Rec. Doc. No. 1), *Supplemental and Amending Complaint* (Rec. Doc. No. 11), *Status Report* (Rec. Doc. No. 18), and the Parties' memoranda.
39154

his parents on June 28, 2016, and criminal detectives investigated this incident. Sheriff Gautreaux denies that the officer's name was withheld or purposely not disclosed, and he maintains that there is no record of a public records request seeking the deputy's identity. Sheriff Gautreaux also asserts the defense of qualified immunity to all federal claims. Sheriff Gautreaux denies all of Plaintiffs' claims and moves to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. LAW AND ANALYSIS

### A. Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[6] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[7] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[8] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9] A complaint is also insufficient if it

---

[6] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[7] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[8] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
[9] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
39154

merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[10] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[12] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[13] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[14]

### B. Federal Claims under 42 U.S.C. § 1983

The Civil Rights Act of 1866, 42 U.S.C. § 1983, creates a private right of action for redressing the violation of federal law by those acting under color of state law.[15] It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured....[16]

---

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[11] *Twombly*, 550 U.S. at 570.
[12] *Iqbal*, 556 U.S. at 678.
[13] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[14] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[15] *See Migra v. Warren City School District Board of Educ.*, 465 U.S. 75, 82 (1984); *Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n*, 453 U.S. 1, 19 (1981);
[16] 42 U.S.C. § 1983.
39154

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'"[17]

To prevail on a Section 1983 claim, a plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.[18] A Section 1983 complainant must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.[19]

1. Individual Capacity Claims

Sheriff Gautreaux moves to dismiss the individual capacity claims brought against him, arguing Plaintiffs have failed to allege any specific conduct or personal involvement of his that gives rise to a constitutional violation. Sheriff Gautreaux argues Plaintiffs have made no allegations that he was personally involved in the subject incident of Bell's release of pepper spray on their son; thus, they have failed to state a claim against him in his individual capacity. Further, with respect to the claim that Sheriff Gautreaux violated Plaintiffs' constitutional rights by concealing the identity of Bell, Sheriff Gautreaux argues that Plaintiffs have not alleged that their ability to file suit was in any way blocked by the delay in obtaining Bell's identity. Sheriff Gautreaux also asserts the defense of qualified immunity.

---

[17] *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, (1979)); accord *Graham v. Connor*, 490 U.S. 386, 393–94 (1989); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985); *Jackson v. City of Atlanta, TX*, 73 F.3d 60, 63 (5th Cir.), *cert. denied*, 519 U.S. 818 (1996); *Young v. City of Killeen*, 775 F.2d 1349, 1352 (5th Cir.1985).
[18] *See Blessing v. Freestone,* 520 U.S. 329, 340 (1997); *Daniels v. Williams,* 474 U.S. 327, 330 (1986); *Augustine v. Doe*, 740 F.2d 322, 324–25 (5th Cir.1984).
[19] *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995); *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir.), *cert. denied*, 498 U.S. 908 (1990); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir.1986); *Angel v. City of Fairfield*, 793 F.2d 737, 739 (5th Cir.1986).
39154

Plaintiffs counter that they have alleged sufficient facts to state a claim against Sheriff Gautreaux in his individual capacity. Plaintiffs contend they have properly alleged that Sheriff Gautreaux failed to train his deputy on the use of pepper spray, use of force, crowd control, command of temper, and that the Sheriff failed to adequately supervise his deputies. Further, Plaintiffs allege that Sheriff Gautreaux has had a "long-standing policy and/or practice of failing to properly discipline, train, and supervise his deputies and placing deputies in the field unsupervised, and failing to supervise and train Bell, who was personally known to Gautreaux to have a past complaint and disciplinary history."[20]

     a. *Qualified Immunity*

In *Harlow v. Fitzgerald*, the United States Supreme Court established the principle that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[21] "When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense."[22]

A claim of qualified immunity requires the Court to engage in the well-established two-step analysis developed by the Supreme Court in *Saucier v. Katz*.[23] As stated by the Fifth Circuit in the context of a motion for summary judgment:

> First, we determine whether, viewing the summary judgment evidence in the light most favorable to the plaintiff, the defendant violated the plaintiff's

---

[20] Rec. Doc. No. 26, p. 6.
[21] 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).
[22] *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (citing *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (*en banc*)).
[23] 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), *overruled in part by Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). *See Lytle v. Bexar County, Tex.*, 560 F.3d 404, 409 (5th Cir. 2009).
39154

constitutional rights. *See, e.g., Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005); *McClendon v. City of Columbia*, 305 F.3d 314, 322–23 (5th Cir.2002) (*en banc*); *Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir. 2001). If not, our analysis ends. If so, we next consider whether the defendant's actions were objectively unreasonable in light of clearly established law at the time of the conduct in question. *See, e.g., Tarver*, 410 F.3d at 750; *Glenn*, 242 F.3d at 312. To make this determination, the court applies an objective standard based on the viewpoint of a reasonable official in light of the information then available to the defendant and the law that was clearly established at the time of the defendant's actions. *See Glenn*, 242 F.3d at 312; *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000); *see also Tarver*, 410 F.3d at 750 ("If officers of reasonable competence could disagree as to whether the plaintiff's rights were violated, the officer's qualified immunity remains intact.").[24]

When the defense of qualified immunity is raised in a Rule 12(b)(6) motion, "it is the defendant's conduct as alleged in the complaint that is scrutinized for 'objective legal reasonableness'."[25] The plaintiff must support his claim with "sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts."[26] When greater detail is required to address the defense of qualified immunity, the Court may insist that a plaintiff file a reply pursuant to Federal Rule of Civil Procedure 7(a) tailored to an answer pleading the defense of qualified immunity.[27] "The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts."[28]

   b. *Failure to Train and Supervise*

"Under section 1983, supervisory officials are not liable for the actions of

---
[24] *Freeman v. Gore*, 483 F.3d 404, 410–11 (5th Cir. 2007).
[25] *McClendon*, 305 F.3d at 323 (quoting *Behrens v. Pelletier*, 516 U.S. 299, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996)).
[26] *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995) (*en banc*).
[27] *Id.* at 1433–34.
[28] *Id.*

39154

subordinates on any theory of vicarious liability."[29] "'A supervisory official may be held liable … only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury.'"[30] To "establish supervisor liability for constitutional violations committed by subordinate employees, plaintiffs must show that the supervisor act[ed], or fail[ed] to act, with *deliberate indifference* to violations of others' constitutional rights committed by their subordinates."[31] "A failure to adopt a policy can be deliberately indifferent when it is obvious that the likely consequences of not adopting a policy will be a deprivation of constitutional rights."[32] "A supervisor may also be liable for failure to supervise or train if: '(1) the official either failed to train or to supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights.'"[33]

Noting the stringent deliberate indifference standard, the Fifth Circuit has explained:

> Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Deliberate indifference requires a showing of more than negligence or even gross negligence. Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference

---

[29] *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987)(citations omitted).
[30] *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011)(quoting *Gates v. Texas Dep't of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008)).
[31] *Id.* (quoting *Gates*, 537 F.3d at 435)(emphasis original).
[32] *Id.* (quoting *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992).
[33] *Phillips v. Corrections Corp. of America*, 2006 WL 1308142, at *2 (W.D.La. May 10, 2006)(citing *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003)).
39154

and do not divest officials of qualified immunity. To satisfy the deliberate indifference prong, a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation. It may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, a supervisor might reasonably be found to be deliberately indifferent....

We have stressed that a single incident is usually insufficient to demonstrate deliberate indifference. In *Cousin v. Small*, for example, we held that to succeed on his claim of failure to train or supervise the plaintiff must demonstrate deliberate indifference, which usually requires a plaintiff to demonstrate a pattern of violations. Similarly, in *Snyder v. Trepagnier,* we held that "proof of a single violent incident ordinarily is insufficient" for liability. Rather, the plaintiff must demonstrate at least a pattern of similar incidents in which the citizens were injured. Moreover, a showing of deliberate indifference requires that the Plaintiffs show that the failure to train reflects a "deliberate" or "conscious" choice to endanger constitutional rights.

Prior indications cannot simply be for any and all "bad" or unwise acts, but rather must point to the specific violation in question. That is, notice of a pattern of similar violations is required. While the specificity required should not be exaggerated, our cases require that the prior acts be fairly similar to what ultimately transpired and, in the case of excessive use of force, that the prior act have involved injury to a third party.[34]

In this case, Plaintiffs have sued Sheriff Gautreaux in his individual capacity as a supervisor. Considering that Plaintiffs have neither alleged nor argued that Sheriff Gautreaux affirmatively participated in the April 2, 2016 incident, the Court must determine whether Plaintiffs have sufficiently pled a claim for deprivation of constitutional rights due to a subordinate's implementation of a supervisor's wrongful policy or practice, or for failure to train, educate, supervise, or discipline.

---

[34] *Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 381-83 (5th Cir. 2005)(quotations, footnotes, and citations omitted).
39154

Plaintiffs have the burden of pleading their claims with sufficient precision and factual specificity to raise a genuine issue as to the illegality of Sheriff Gautreaux's conduct at the time of the alleged acts. While the Fifth Circuit has acknowledged that a plaintiff is not required to "plead facts 'peculiarly within the knowledge of defendants,'"[35] it has cautioned that, to permit discovery on a plaintiff's claim against a supervisory official, "the pleadings must have sufficient precision and factual detail to reveal that more than guesswork is behind the allegation."[36] As the Fifth Circuit held:

> There has to be more underlying a complaint than a hope that events happened in a certain way. Instead, in the short and plain claim against a public official, a plaintiff must at least chart a factual path to the defeat of the defendant's immunity, free of conclusion. Once that path has been charted with something more than conclusory statements, limited discovery might be allowed to fill in the remaining detail necessary to comply with *Schultea*.[37]

Plaintiffs' *Supplemental and Amending Complaint* alleges as follows with regard to the failure to train/supervise claim:

> Gautreaux, through his deputy, also told Petitioners at that time said deputy had been fired and went on to explain that Gautreaux "they" had been able to fire said deputy because he was an employee at will. Gautreaux, through his deputies, further told Petitioners that said deputy had a history of prior complaints and prior disciplinary history involving assaulting others while employed by Gautreaux before he had assaulted JM.[38]

\* \* \*

> Petitioners contend that defendant Gautreaux, at all times, knew defendant Bell had a prior history of assaulting others, that Gautreaux had previously

---

[35] *Morgan v. Hubert*, No. 08–30388, 2009 WL 1884605, at *5 (5th Cir. July 1, 2009) (unpublished) (quoting *Schultea*, 47 F.3d at 1432).
[36] *Floyd v. City of Kenner*, No. 08–306378, 2009 WL 3490278, at *6–*9 (5th Cir. Oct 29, 2009) (unpublished) (citing Schultea, 47 F.3d at 1434) (distinguishing *Morgan* and holding that allegations amounting to nothing more than speculation with respect to a supervisory official's participation in a constitutional violation did not "fall[ ] squarely within the kind of case justifying limited discovery....").
[37] *Floyd,* 2009 WL 3490278, at *8 (internal citations and quotations omitted); *see also Iqbal*, 129 S.Ct. at 1950–51; *Schultea*, 47 F.3d at 1430.
[38] Rec. Doc. No. 11, ¶ 7e.
39154

disciplined defendant Bell for behavior similar to the behavior said deputy directed at Petitioners' son, and that in spite of Gautreaux's knowledge of Bell's prior violence toward others, his complaint history, and disciplinary history, sent defendant Bell to the band event where he was to interact with hundreds of defenseless children. Petitioners further submit that in spite of Gautreaux's knowledge of Bell's prior complaint history and disciplinary history, defendant Gautreaux took no steps to train, supervise, or monitor defendant Bell and his interactions with the public leading to the assault on JM.[39]

The Court finds that Plaintiffs have sufficiently stated a claim for deliberate indifference to a known risk and the failure to supervise/train employee Bell. The Court must accept Plaintiffs' pleadings as true for purposes of this motion and must construe the allegations liberally in Plaintiffs' favor. Plaintiffs have alleged that a pattern of similar conduct existed regarding Bell and that Gautreaux knew or should have known of this risk of harm, but failed to properly train/supervise Bell to thwart further harm to others. Gautreaux is not entitled to qualified immunity on this claim at this procedural posture of the case.

      c. *Concealment of Deputy Bell's Identity*

Plaintiffs contend that their requests for the identity of the deputy in question were refused on numerous occasions, and Plaintiffs further allege that this repeated refusal was directly ordered by Sheriff Gautreaux. Plaintiffs claim this conduct violated their constitutional right of access to the courts. Sheriff Gautreaux denies the allegations, maintains that Plaintiffs' allegations on this issue do not state a claim for a constitutional violation, and argues Plaintiffs have failed to overcome the defense of qualified immunity.

The Supreme Court has recognized two general categories of denial of access to the courts claims.[40] The first category involves claims "that systemic official action

---

[39] *Id.*, ¶ 7i.
[40] *Christopher v. Harbury*, 536 U.S. 403, 122 S.Ct. 2179, 2185, 153 L.Ed.2d 413 (2002).
39154

frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time."[41] The second category involves claims "of specific cases that cannot now be tried" because of some official action, "no matter what official action may be in the future."[42] Cases in this second category "do not look forward to a class of future litigation, but backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable."[43] The present allegations appear to fall within the second category of claims as Plaintiffs seek damages based on past conduct that allegedly impaired their ability to file this lawsuit.

The Fifth Circuit has characterized the right of access to the courts as "implicated where the ability to file suit was delayed, or blocked altogether."[44] However, the Fifth Circuit has declined to hold that the right of access is clearly established beyond its existence as "a facilitative right to institute a suit without official resistance, blocks, or delay to filing."[45]

The Court finds that the allegations in this case fall short of stating a claim that Sheriff Gautreaux violated Plaintiffs' constitutional right to access to the courts. While Plaintiffs have alleged that Sheriff Gautreaux repeatedly refused to disclose Bell's identity, they have failed to allege that such conduct impaired or delayed their ability to file this

---

[41] *Id.* at 413.
[42] *Id.* at 413–14.
[43] *Id.* at 414 (footnotes omitted).
[44] *Smart v. Holder*, No. 09–101, 2009 WL 2498213, at *6 (W.D.Tex. Aug.12, 2009) (quoting *Foster*, 28 F.3d at 430); *see, e.g., Ryland*, 708 F.2d at 973 (holding that covering up a murder and delaying the filing of a lawsuit could violate right of access to the courts).
[45] *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir.1995) (holding that official retaliation for having filed and won a lawsuit does not implicate the right of access to the courts); *Foster*, 28 F.3d at 430 (holding that post-filing discovery abuses do not implicate the right of access to the courts); *Ellis,* 2001 WL 167744, at *2 (holding that filing false affidavits to defeat a breach of contract claim does not implicate the right of access to the courts).
39154

lawsuit. Clearly, Plaintiffs have successfully instituted this lawsuit; thus, their ability to file was not blocked.[46] Accordingly, the Plaintiffs' claim for denial of access to the courts will be dismissed.

   2. Official Capacity Claims

Sheriff Gautreaux has also moved to dismiss the Section 1983 claims brought against him in his official capacity. A suit against a government official in his official capacity is the equivalent of filing suit against the government agency of which the official is an agent.[47] Accordingly, the claims against the Sheriff in his official capacity are, in effect, claims against the municipal entity he represents, which is East Baton Rouge Parish.[48] A plaintiff asserting a Section 1983 claim against a municipal official in his official capacity or a Section 1983 claim against a municipality "must show that the municipality has a policy or custom that caused his injury."[49] To establish an "official policy," a plaintiff must allege either of the following:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated the policymaking authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such

---

[46] *See Davis v. City of N. Richland Hills*, No. 00–438, 2003 WL 22244694, at * 19 (N.D.Tex. Sept. 30, 2003) (holding that an alleged conspiracy to conceal the nature of a shooting did not implicate the right of access to the courts because it did not impede or prevent plaintiffs from filing a lawsuit) *rev'd on other grounds*, 406 F.3d 375 (5th Cir. 2005); *Smart*, 2009 WL 2498213, at *6 (holding that preventing a plaintiff from using government resources to sue the federal government did not implicate the right of access to the courts because the plaintiff successfully instituted his lawsuit and his ability to do so was not blocked).
[47] *Monell v. New York City Dep't of Soc. Serv, of City of New York*, 436 U.S. 658, 691 n. 55 (1978).
[48] *Graham,* 473 U.S. at 165; *see also Bellard v. Gautreaux*, No. CIV.A. 08-627, 2010 WL 3523051, at *4 (M.D. La. Sept. 3, 2010) amended in part, No. CIV.A. 08-627, 2010 WL 4977480 (M.D. La. Dec. 2, 2010), *affirmed*, 675 F.3d 454 (5th Cir. 2012) *and affirmed*, 675 F.3d 454 (5th Cir. 2012).
[49] *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007).
39154

custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.[50]

Although "a single decision may create municipal liability if that decision were made by a final policymaker responsible for that activity,"[51] absent an official policy, actions of officers or employees of a municipality do not render the municipality liable under Section 1983.[52] A municipality cannot be held liable under Section 1983 for the tortious behavior of its employees under a theory of *respondeat superior*.[53] "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."[54]

The Supreme Court has held that municipal policies and practices amounting to deliberate indifference with respect to training, supervision, and/or hiring may give rise to Section 1983 liability.[55] The Fifth Circuit has held that an official is liable under Section 1983 for a failure to train or supervise only where a plaintiff establishes that: "(1) the official failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights."[56] A complaint must show that, "through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged."[57] To state a claim, plaintiffs

---

[50] *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir.1984).
[51] *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir.1996) (internal quotations and citations omitted) (emphasis in original).
[52] *Id.*
[53] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).
[54] *Id.*
[55] *See City of Canton v. Harris*, 489 U.S. 378, 380, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 410–11, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).
[56] *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003) (alteration omitted) (quoting *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 2001)).
[57] *Brown*, 520 U.S. at 404.

39154

"must plead facts showing that a policy or custom existed, and that such custom or policy was the cause in fact or moving force behind a constitutional violation."[58]

However, the Supreme Court has expressly prohibited the application of a heightened pleading standard to Section 1983 claims against municipalities.[59] Rather, a plaintiff need only comply with notice pleading requirements by presenting a "short and plain statement of the claims showing that the pleader is entitled to relief."[60] Boilerplate allegations of inadequate municipal policies or customs are generally sufficient.[61] A complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[62]

In this case, the official capacity allegations against Sheriff Gautreaux lack the underlying factual support showing that his conduct related to any official policy or custom causing the injuries alleged. The original *Complaint* contains no reference to any policy, practice, or custom by the municipality, and the *Supplemental and Amending Complaint* alleges, in conclusory fashion, that Sheriff Gautreaux is liable for the: "failure to adequately supervise his deputies,"[63] and "[h]aving a long-standing policy and/or practice

---

[58] *McClure v. Biesenbach*, No. 08–50854, 2009 WL 4666485, at *2 (5th Cir. Dec.9, 2008) (unpublished) (citing *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162 (5th Cir.1997)).
[59] *Jones v. Bock*, 549 U.S. 199, 212–13, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (citing *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)).
[60] *Id.*
[61] *See, e.g., Mack v. City of Abilene*, 461 F.3d 547, 556 (5th Cir.2006); *Ortiz v. Geo Group, Inc.*, No. 07–645, 2008 WL 219564, at *2 (W.D.Tex. Jan.25, 2008); *Jacobs v. Port Neches Police Dept.*, No. 94–767, 1996 WL 363023, at *13–15 (E.D. Tex. June 26, 1996); *DeFrancis v. Bush*, 839 F.Supp. 13, 14 (E.D.Tex.1993).
[62] *Mack*, 461 F.3d at 556 (quoting *Leatherman,* 507 U.S. at 168).
[63] Rec. Doc. No. 11, ¶ 8(3).
39154

of failing to properly discipline, train, and supervise his deputies and placing deputies in the field unsupervised[.]"[64]

Unlike the Court's failure to train analysis set forth with respect to the individual capacity claims against Sheriff Gautreaux, an official capacity claim of failure to train/supervise must allege a municipal-wide policy, practice, or custom - not merely deliberate indifference to the need to train a specific deputy in a specific area for a specific reason. Plaintiffs' factually supported allegations reference only the conduct of Deputy Bell. The allegations in the *Complaint* and *Supplemental and Amending Complaint* fail to describe any "policy statement, ordinance, regulation, or decision that [was] officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated the policymaking authority."[65] Nor do the allegations state that "[a] persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy."[66] Plaintiffs' allegation that Gautreaux had a "a long-standing policy and/or practice of failing to properly discipline, train, and supervise his deputies and placing deputies in the field unsupervised" is a general and conclusory statement unsupported by specific facts. Additionally, Plaintiffs have failed to allege with any specificity how a particular training program was defective and in widespread fashion.

Accordingly, the official capacity claims brought against Sheriff Gautreaux are dismissed with prejudice.

---

[64] *Id.*, ¶ 8(4).
[65] *See Bennett*, 735 F.2d at 862.
[66] *Id.*
39154

### C. Attorney's Fees

Sheriff Gautreaux has also moved to dismiss Plaintiffs' claim for attorney's fees pursuant to 42 U.S.C. § 1988. This motion is premature. As there is no prevailing party at this stage of litigation, this motion is DENIED without prejudice. The determination of any entitlement to attorney's fees in this matter will be made by the Court at the proper time.

### III. CONCLUSION

For the reasons set forth above, the *Motion to Dismiss*[67] by Defendant, Sheriff Sid Gautreaux, III, individually and in his official capacity as Sheriff of East Baton Rouge Parish, is GRANTED in part and DENIED in part as set forth above. All official capacity claims against Sheriff Gautreaux are dismissed with prejudice. All individual capacity claims against Sheriff Gautreaux are dismissed except the claim for failure to train/supervise Deputy Bell. The motion to dismiss the request for attorney's fees is denied without prejudice as premature.

Signed in Baton Rouge, Louisiana on May 30, 2017.

_____
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[67] Rec. Doc. No. 3.